UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| FLOYD W. BYRD, ) | |
| ) | |
| Petitioner ) | |
| ) | CAUSE NO. 3:08-CV-181 RM |
| v. ) | |
| ) | |
| SUPERINTENDENT, ) | |
| ) | |
| Respondent ) | |

OPINION AND ORDER

Floyd W. Byrd, a pro se prisoner, filed a habeas corpus petition and motion for leave to proceed in forma pauperis. Mr. Byrd seeks to challenge his January 17, 2002, plea - based conviction of delivering cocaine entered in Elkhart Superior Court cause number, 20D03-0111-CF-00132. The trial court sentenced Mr. Byrd to 20 years in prison with 12 years suspended. Mr. Byrd contends he didn't receive effective assistance of counsel and his excessive sentence is unconstitutional. (Petition for Writ of Habeas Corpus, docket # 8 at 2-3). Because the petition is untimely, it must be denied.

Habeas corpus petitions are subject to a one year statute of limitations.

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by

>the Supreme Court and made retroactively applicable to cases on collateral review; or
>>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Mr. Byrd presents no claims based on a newly-recognized constitutional right nor newly-discovered evidence pursuant to § 2244(d)(1)(C) or (D). Nor does he allege the state prevented him from filing his habeas petition sooner pursuant to §2244(d)(1)(B). Consequently, the deadline to file this habeas petition is determined in accordance with 28 U.S.C. § 2244(d)(1)(A).

Indiana law requires an appeal to be filed within thirty days of the judgment being appealed. IND. R. APP. P. 57(c)(2). Mr. Byrd indicates he did not directly appeal his conviction. (docket # 8 at 1). The Indiana Department of Corrections' records show Mr. Byrd was sentenced on February 14, 2002. As a result, the time to appeal ended March 16, 2002, 30 days after the sentencing. One year later, the habeas deadline here ended on March 16, 2003, unless it was tolled. Section 2244(d)(2) provides the 1-year period of limitation is tolled during the time any properly filed application for state post-conviction or other collateral review is pending.

In the habeas petition, Mr. Byrd avers that he filed a petition for post-conviction review in the trial court on August 20, 2007; he further states it was denied on August 7,

2

2003. (docket # 8 at 3-4). Mr. Byrd may have these dates reversed. But, even if he filed the petition for post-conviction review on August 7, 2003, the time to file a habeas petition already had ended. Because he filed the post-conviction relief petition after the habeas deadline passed, it did not toll the habeas corpus 1-year limitation period. Since Mr. Byrd did not sign the habeas corpus petition in this case until April 5, 2008, it is more than 5 years late.

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

SECTION 2254 HABEAS CORPUS RULE 4.

Therefore, the court :

(1) DENIES the habeas corpus petition (docket # 8) because it is untimely;

and

(2) DENIES the motion (docket # 7) for leave to proceed <u>in forma pauperis</u>

because it is moot.

SO ORDERED.

ENTERED: June  3 , 2008.

　　　　　　　　　　　　　　　　　　　　／s／ Robert L. Miller, Jr.
　　　　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　　　　United States District Court